**SECOND DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 1, 2023**

# In the Court of Appeals of Georgia

A22A1217. ROBERTS et al. v. MCCOY et al.

RICKMAN, Chief Judge.

Juanda and Leighton Roberts filed suit against Kevina McCoy and William Kemp, the mother and father of a minor child, under OCGA § 10-7-3.1, seeking to be adjudicated equitable caregivers of the child. The trial court held that the Roberts's lacked standing to be adjudicated equitable caregivers. On appeal, the Roberts contend that the trial court erred by concluding that they lacked standing to be adjudicated equitable caregivers. For the following reasons, we affirm.

"We review the evidence in the light most favorable to the trial court's judgment." *Hackett v. Stapleton*, 365 Ga. App. 405, 405 (877 SE2d 838) (2022). So viewed, the evidence showed that the child's mother is Mr. Roberts's cousin. The child was born on April 25, 2015 and in September 2016 the mother, the father, and

the Roberts entered into an agreement granting temporary guardianship of the child to the Roberts. Less than a year later, the mother and the father were awarded joint physical custody of the child.

The mother testified that she never intended for the Roberts to permanently assume a parental role in the child's life. The mother admitted that the Roberts provided a caregiving role for the child during the first 18 months of her life, but since then, the Roberts have provided care to the child only when the father forfeited part of his parenting time to them and he had not done that consistently since before March 2020. Furthermore, the mother averred that she became concerned about the Roberts "obsession" with the child in August 2020 and thus, she made the decision to cease contact between them and the child.

The Roberts contend that the trial court erred by concluding that they lacked standing to be adjudicated equitable caregivers of the child.

In order to establish standing to be adjudicated an equitable caregiver under OCGA § 19-7-3.1, the trial court must find by clear and convincing evidence that the individual has:

> (1) Fully and completely undertaken a permanent, unequivocal, committed, and responsible parental role in the child's life;

2

(2) Engaged in consistent caretaking of the child;

(3) Established a bonded and dependent relationship with the child, which relationship was fostered or supported by a parent of the child, and such individual and the parent have understood, acknowledged, or accepted that or behaved as though such individual is a parent of the child;

(4) Accepted full and permanent responsibilities as a parent of the child without expectation of financial compensation; and

(5) Demonstrated that the child will suffer physical harm or long-term emotional harm and that continuing the relationship between such individual and the child is in the best interest of the child.

OCGA § 19-7-3.1 (d).

Here, the evidence showed that the Roberts were caregivers of the child until she was approximately 18 months old, after which custody was shared between the mother and the father. The mother testified that she never intended the Roberts to permanently assume a parental role in the child's life. Additionally, the mother testified that since August 2020, she had denied the Roberts any contact with the child when the child was in her custody and the Roberts only contact with the child was when the father shared his parenting time. This evidence supports the trial court's

conclusion that the Roberts failed to show that they fully and completely took a permanent parental role in the child's life or that a parental relationship between the Roberts and the child was fostered or supported by a parent. Accordingly, the trial court properly denied the Roberts's petition to be adjudicated equitable caregivers. See *In the Interest of K. L.*, 362 Ga. App. 590, 596 (1) (869 SE2d 543) (2022) (affirming the juvenile court's decision that past caregivers of a minor child failed to make a showing that they had standing to be adjudicated equitable caregivers).

*Judgment affirmed. Miller, P. J., and Pipkin, J., concur*.